IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01325-RTG

PEDRO FELIX RAMIREZ-DIAZ,

      Petitioner,

v.

WARDEN, Denver Contract Detention Facility Aurora, Colorado, in his official capacity
      as the immediate custodian of Petitioner,
CURRENT OR ACTING FIELD OFFICE DIRECTOR, Denver Field Office, U.S.
      Immigration and Customs Enforcement,
PATRICK J. LECHLEITNER, Acting Director, U.S. Immigration and Customs
      Enforcement, and
ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security,

      Respondents.

---

## ORDER OF DISMISSAL

---

Petitioner is a detainee at an immigration detention facility in Aurora, Colorado. Petitioner initiated this action by submitting a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On March 30, 2026, Magistrate Judge Richard T. Gurley ordered Petitioner to cure certain deficiencies if he intends to pursue any claims in this action. In particular, Petitioner was directed to file an amended pleading using the District of Colorado form. Petitioner also was advised that he must sign all filings. Petitioner was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On April 9, 2026, Petitioner filed on the District of Colorado form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 4) that was not signed. On April 10, 2026, Magistrate Judge Gurley entered a Minute Order (ECF No. 5)

directing Petitioner to file a signed application on or before May 1, 2026. On May 7, 2026, Magistrate Judge Gurley entered another Minute Order (ECF No. 6) striking the unsigned application and giving Petitioner one more opportunity to cure the deficiencies. Petitioner was reminded that the action would be dismissed without further notice if he failed to cure the deficiencies on or before June 1, 2026.

Petitioner has failed to cure the deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice for failure to prosecute and cure the deficiencies. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Petitioner files a notice of appeal he also must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Petitioner failed to prosecute and cure the deficiencies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __9th__ day of _____June_____, 2026.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court